## PHEBE HARRIS v. ALEXANDER KIRKPATRICK.

1. When goods and chattels in the possession of a defendant in execution are levied on by a sheriff, and he refuses and neglects to proceed to execute his writ by selling the property, at the request of the plaintiff, on the ground as set forth in his return to the writ, that the goods are claimed by other parties, but asks no indemnity of the plaintiff, and takes no measures to secure himself against such claim, he will be liable to amercement.

2. A sheriff is not, by a levy and sale, estopped from denying the plaintiff's right to the proceeds of such sale, nor from showing that the property sold under plaintiff's sanction was not the defendant's, nor liable to such levy and sale.

3. The burden of showing that property of which the defendant was found in possession, and on which a levy was made, was not the property of the defendant, is upon the sheriff.

On motion to amerce the sheriff of the county of Burlington.

Argued before Justices BEDLE, DALRIMPLE, and SCUDDER.

For plaintiff, *F. F. Westcott.*

For sheriff, *E. Merritt.*

DALRIMPLE, J.   The *fieri facias* in this case was delivered to the sheriff on the 22d of February, 1870, returnable to the then next term.   On the 25th of the same month of February, a levy was made on certain goods and chattels, and on or about the 28th day of the following month of May, the sheriff returned the *fieri facias* with the following endorsement:   "I do hereby return this writ, with inventory of property annexed, which property has been claimed by other parties."   It appears by the depositions taken, that the goods levied on were in the actual possession of the defendant, but claimed by his wife, his daughter, of about fifteen years of age, and his brother.   It further appears that the sheriff was urged, from time to time, while the writ was in his hands, to

proceed thereon and execute the same. He gives no excuse for not doing so, except that the property levied on was claimed by other persons. In his correspondence with the plaintiff's attorney, he does not say who these persons are, nor what is the nature of their claims. While the plaintiff was urging him to proceed and execute the writ, having retained it till after the return day, he returned it, with the endorsement above recited, and has proceeded no further therein. The question presented is, whether the sheriff, under these circumstances, is liable to amercement, because he has·neglected and refused to execute the writ. It is quite certain that a levy of itself is not an execution of a *fieri facias.* To execute, is to obey the command of the writ. There can be no execution of a writ of *fieri facias de bonis* unless the debt or damages recovered are made of the goods and chattels of the defendant. *Scott* v. *Dow,* 2 *Green* 352. If the sheriff· fails thus to execute the writ, he is liable to amercement, unless he shows some lawful excuse for such failure. In the case before us, it appears that the sheriff, though he has levied on goods and chattels which he calls the defendant's, and which are in his possession, has refused and neglected to sell the same, as required by law, because they are claimed by other parties. If there be reasonable ground to induce an officer to believe that, in seizing property by virtue of an execution, he may make a mistake, and expose himself to an action for damages, by taking property which does not belong to the defendant, he may insist on the plaintiff showing him the debtor's goods, and also demand an indemnity for any liability he may incur in conforming to the plaintiff's directions. Besides, where the·portion of property is doubtful, or litigated, the sheriff may summon a jury to inquire into the fact, and their finding in favor of the claimant will authorize a return of *nulla bona.* There are, in addition to these, other ways by which the sheriff may protect himself from harm. *Bayly* v. *Bates,* 8 *Johnson* 186 ; *Bond* v. *Ware,* 7 *Mass.* 126 ; 2 *Greenl. Ev.,* § 585 ; *Crocker on Sheriffs,* §§ 446, 447 ; *Nix. Dig.* 295, § 11.

The sheriff not having asked an indemnity, nor summoned a jury to try the right of property, nor adopted any of the other methods provided by the law to shield himself from the consequences of the claims of third parties, could not lawfully return the execution unsatisfied, and refuse to proceed further therein. The plaintiff was not bound to tender an indemnity before it was demanded. The evidence brought to show that indemnity was demanded by the sheriff, is not satisfactory. The goods having been found in possession of the defendant, and levied on, the sheriff was bound to sell the same, unless the defendant's title was brought into reasonable doubt. In that case, he could protect himself in one of the modes indicated. He could not, as he did, without even notice to plaintiff, return the writ, and refuse to proceed further therein. In the case of *Lummis* v. *Kasson*, 43 *Barb.* 373, it was held that where a sheriff has levied on goods, and afterwards discovers that they are not subject to the levy, he may release them at any time before sale; and if he return the execution unsatisfied, and be sued for a false return, will have a good defence, notwithstanding the levy. So, in the case of *Hopkins* v. *Chandler*, 2 *Green* 299, on motion to amerce the sheriff of Essex, it was held that the sheriff is not, by levy and sale, estopped from denying the plaintiff's right to the proceeds of sale, nor from showing that the property sold under the plaintiff's execution was not the defendant's, nor liable to such levy and sale. But the burden of showing that property of which defendant was found in possession, and on which a levy has been made is not his, is upon the sheriff. He ought, in such case, to show a plain case of mistaken levy. He must do more than bring into question or doubt the defendant's title to the goods levied on. After careful examination of the evidence taken in this case, it is found that the sheriff has only succeeded, at most, in casting some doubt on the ownership of some of the goods in question. The only witness sworn who has knowledge on the subject, is the defendant. It is true he disclaims the ownership of personal property to the amount of $200, and says, in rather general

Harris v. Kirkpatrick.

terms, that the articles in dispute were given to and bought by his wife, with her own money. I do not think, in the absence of all legal proceedings to test the true ownership of the property, this evidence, of itself, is, under the circumstances, sufficient to excuse the sheriff's neglect to proceed on the execution, and sell the goods seized.

It is observable that neither the wife, daughter, nor brother of the defendant has been sworn, and, so far as we can gather the facts from the depositions taken, the claims of the last two have been abandoned, and the sheriff's defence put solely on the ground that the goods in question belong to the wife. If an indemnity had been demanded, or a jury summoned to try the right of property the decision of the case would have been governed by different principles.

It was objected on the argument that the notice of amercement was insufficient. It is in the usual form, and states that the motion would be made on the ground that the sheriff had refused and neglected to execute the writ. This is in the words of the statute. In the case of *Stryker* v. *Merseles*, 4 *Zab.* 542, it seems to have been admitted by court and counsel, that a notice of the form of that now before us would have been sufficient. The proceeding by amercement takes the place of the common law action on the case. It will be found that the precedents of declarations in such cases, (2 *Chitty's Pl.* 747,) simply allege that, although there were divers goods and chattels of the defendant whereof the sheriff could and ought to have levied the moneys directed to be levied, yet he did not nor would levy the said moneys, but wholly neglected and refused so to do, and falsely returned the writ *nulla bona.* This is only saying in a more formal manner that the sheriff neglected and refused to execute the writ.

The result is, that the sheriff must be amerced in the amount remaining due on the execution, with costs.

Justices BEDLE and SCUDDER concurred.

REVERSED, 7 *Vr.* 526.